UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-81676-CIV-MARRA

JAKI BAEZ,

Plaintiff,

vs.

SPECIALIZED LOAN SERVICING, LLC,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant's Motion to Dismiss (DE 5).  Plaintiff has filed a response memorandum (DE 11).  No reply memorandum was filed. The Court has carefully considered the Motion and the Response and is otherwise fully advised in the premises.

I.  Background

Defendant Specialized Loan Servicing, LLC ("Defendant") filed a notice of removal of Plaintiff Jaki Baez's ("Plaintiff") one-count Complaint for a violation of section 2605(k) of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.  (DE 1.)  According to the allegations of the Complaint, Plaintiff mailed a request for information to Defendant. (Compl. ¶ 11.)  Defendant did not provide sufficient written acknowledgment of the request within the required time frame. (Compl. ¶ 17.)  Plaintiff incurred actual damages in the amount of $4.70 for certified postage for mailing the request, along "other related costs including attorney's fees associated with the review of Defendant's insufficient response." (Compl. ¶ 21.)

Defendant moves to dismiss the Complaint, contending that the Complaint fails to allege actual damages from the alleged violation of RESPA.

II.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III. Discussion

To state a claim under RESPA for failure to respond properly to a request for information, "a plaintiff must allege: (1) the defendant is a loan servicer under the statute; (2) the plaintiff sent [the request] consistent with the requirements of the statute; (3) the defendant failed

to respond adequately within the statutorily required days; and (4) the plaintiff has suffered actual or statutory damages." Correa v. Bac Home Loan Servicing, LP, No. 6:11–cv–1197–Orl–22DA, 2012 WL 1176701, at * 6 (M.D. Fla. Apr. 9, 2012).  With respect to actual damages, the statute provides that an individual may recover "an amount equal of the sum of any damages to the borrower as a result of the failure."  Numerous courts in this district have held that costs associated with preparing an initial request for information cannot serve as a basis for actual damages because, at the time the expense are incurred, there has been no RESPA violation.  See, e.g., Miranda v. Ocwen Loan Servicing, LLC, — F. Supp. 3d —, 2015 WL 7767209, at * 4 (S.D. Fla. 2015); Long v. Residential Credit Solutions, Inc., Case No. 9:15-CV-80590, 2015 WL 4983507, at * 1 (S.D. Fla. Aug. 21, 2015); Lage v. Ocwen Loan Servicing, LLC, Case No. 14-cv-81522, 2015 WL 7294854, at * 18 (S.D. Fla. Nov. 19, 2015).[1]

Here, the alleged damages is "the amount of $4.70 for certified postage for mailing" the request for information, along with "other related costs including attorney's fees associated with the review of Defendant's insufficient response."  (Compl. ¶ 21.)  The postage costs were incurred before any alleged RESPA violation and thus are not recoverable.  The Complaint also seeks damages for "other related costs including attorney's fees associated with the review of Defendant's insufficient response."[2]  (Compl. ¶ 21.)  By alleging this type of damage, the

---

[1] In contrast, courts have concluded that costs incurred by an individual who was required to send a second request for information, after the failure of the loan servicer to respond to the first request, constitute actual damages.  See, e.g., O'Brien v. Seterus, Inc., No. 9:15–CV–80300, 2015 WL 4514512, at * 3 (S.D. Fla. July 24, 2015); Russell v. Nationstar Mortg., LLC, No. 14–61977–CIV, 2015 WL 541893, at * 2  (S.D. Fla. Feb. 10, 2015).

[2] The Complaint also states that there are "additional damages in an amount not yet ascertained." (Compl. ¶ 21.)  The Court finds this to be an insufficient allegation of actual damages.

Complaint has alleged actual damages incurred and related to an alleged RESPA violation; i.e., fees related to the review of an alleged insufficient response by Defendant.  Based upon the allegations of the complaint, had Defendant properly responded to Plaintiff's request, Plaintiff would not have incurred those attorney's fees.  Miranda, 2015 WL 7767209 at *4 ("reasonable attorney's fees incurred after an incomplete or insufficient response to a QWR are actionable under RESPA"); Rodruguez v. Seterus, Inc., 2015 WL 5677182 *3(S.D. Fla. Sept. 28, 2015)(plaintiff can seek as actual damages "reasonable attorney's fees incurred as a result of having to send additional correspondence due to" the defendant's failure to respond); Soriano v. Countrywide Home Loans, No. 09-cv-02415, 2011 WL 1362077, at * 7 (N.D. Cal. Apr. 11, 2011.)(attorney's fees the plaintiff incurred when his attorney sent follow-up correspondence to the defendant after the initial QWR was sent were recoverable as actual damages).[3]

Based on the foregoing, the Court denies the motion to dismiss on the failure to allege actual damages.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to

---

[3] The Court recognizes that a case in this district, Paz v. Seterus, Inc., No 14-62516-CIV, 2015 WL 4389521, at * 3 (S.D. Fla. July 15, 2015) stated that for attorney's fees to be actual damages, other actual damages needed to be established. Paz, however, relied on Soriano which recognized that attorney's fees incurred in following up on a creditor's failure to comply with its obligations under RESPA qualify as actual damages.

Dismiss (DE 5) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 14th day of April, 2016.

_____
KENNETH A. MARRA
United States District Judge